IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

JOSHUA P. BRAITHWAITE,

    Plaintiff,

    v.                                  Case No. 18-CV-1507

LACEE SMELCER, *et al.*,

    Defendants.

**PROTECTIVE ORDER**

The parties to this Stipulated Protective Order agreed to the terms of this Order; accordingly, it is ORDERED:

**1.**     **Scope.** The subject of this Order is any Confidential Information produced in discovery or exchanged among the parties. This Order is subject to the Federal Rules of Civil Procedure.

**2.**     **Confidential Information.** As used in this Order, "Confidential Information" means any research or technical information that the party has maintained as confidential, specifically to include Department of Corrections policies, procedures, and training materials that are restricted. "Confidential Information" further means any

personally identifying information about staff members currently or formerly employed with the Wisconsin Department of Corrections.

    **A.** A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time of the documents are produced or disclosed. Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

    **B.** A party may designate a document as Confidential Information only after review of the document by an attorney who has in good faith

determined that the document contains Confidential Information as defined in this Order.

**3.     Protection of Confidential Information.**

   **A.     General Protections.** Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (B) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

   **B.     Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (i)-(vii). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

   **i. Counsel.** Counsel for the parties and employees of counsel who have responsibility for the preparation and trial of the action;

   **ii. Parties.** Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;-

   **iii. The Court and its personnel;**

iv. **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

v. **Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents;

vi. **Consultants and Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action.

vii. **Witnesses at depositions.** During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

viii. **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

**C. Control of Documents**. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertant disclosure of Confidential Information.

4. **Filing of Confidential Information.** This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must: (a) provisionally file the document electronically under seal; (b) file electronically at the same time a public-record version of the document with the Confidential Information excluded; and (c) move the Court for leave to file the Confidential Information under seal. That sealing motion must be filed before or simultaneously with the provisional filing of the Confidential Information under seal, and must be noticed for presentment promptly thereafter. Any document filed under seal without such a sealing motion may be stricken by the Court without notice. At the hearing on the sealing motion, the party that designated the document as Confidential Information has the burden of demonstrating the need for sealing. Any document served on another party and any paper courtesy copy provided to the Court shall be a complete, unredacted version.

5. **Use of Confidential Documents or Information at Trial.** Nothing in this Order shall be construed to affect the admissibility of any document, material, or information at any trial or hearing. A party that intends to present or which anticipates

that another party may present Confidential information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

**6.** **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**7.** **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

Dated at Milwaukee, Wisconsin this 17th day of December, 2019.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge