# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**JOSHUA P. BRAITHWAITE,**

     Plaintiff,

     **v.**                                        **Case No. 18-CV-1507**

**LACEE SMELCER, et al.,**

     Defendants.

---

## ORDER

---

Plaintiff Joshua Braithwaite filed a lawsuit under 42 U.S.C. § 1983, alleging that the defendants were deliberately indifferent to a risk of suicide. (*See* ECF No. 10.) Defendants moved for summary judgment on June 10, 2019. (ECF No. 19.) They argued that Braithwaite's claims failed as a matter of law because he faced no objectively serious risk of harm on the two days he says he tried to kill himself. As evidence, defendants relied solely on the fact that Braithwaite inflicted only superficial scratches to his arm, which were treated with nothing more than a band-aid. Defendants argued that, because Braithwaite had only scratched his arm, no jury could reasonably conclude that a genuine risk of suicide existed.

The court denied defendants' summary judgment motion as to two of the defendants. (ECF No. 35.) The court explained that, while a jury could reasonably conclude that the superficial injuries showed that Braithwaite was never serious about hurting himself, "a jury could also reasonably conclude that Braithwaite's

threats of self harm were genuine when he made them, but, once he started cutting into his arm, he lost his nerve, changed his mind, was interrupted before he could inflict a more serious injury, or lacked the means to inflict a more serious injury." (*Id.* at 7.) The court explained that "[s]elf-inflicting only minor injuries, without more, does not establish that a person was never at risk of inflicting more serious injuries." (*Id.*) The court concluded that, because a genuine dispute existed about whether Braithwaite was at risk of severely injuring himself, neither party was entitled to summary judgment. A trial is currently scheduled for August 16, 2021.

About seven months after the court's decision, the Court of Appeals for the Seventh Circuit decided *Lord v. Beahm*, 952 F.3d 902 (7th Cir. 2020). The plaintiff in *Lord* sued several correctional officers, alleging that they were deliberately indifferent to a risk of suicide. He alleged that he had told them that he had a razor blade and that he threatened to kill himself. The officers allegedly ignored him, after which he inflicted a "few minor scratches" on his forearm, which were treated with a gauze bandage.

The Seventh Circuit held that the defendants were entitled to summary judgment, explaining that the plaintiff's "claim fails on the basic proposition that he has sued for damages under § 1983 and alleged a constitutional tort (an Eighth Amendment violation) without then developing evidence of a recoverable injury." *Lord*, 952 F.3d at 905 (citations omitted). The Seventh Circuit explained that "physical injuries consist[ing] only of minor scratches, quickly and easily treated with a gauze bandage" are insufficient to show the plaintiff suffered a cognizable harm.

*Id.* The Seventh Circuit emphasized that a plaintiff may not recover damages solely for a risk to his life because such a risk is not compensable without evidence of injury. *Id.*

According to the defendants, Braithwaite inflicted only scratches and a 2.5 cm cut on his arm that required nothing more than a band-aid. Thus, it appears that, under *Lord*, Braithwaite's claims must be dismissed because he failed to develop evidence of a recoverable injury. Before granting summary judgment in favor of the defendants, the court will give the parties an opportunity to brief whether, in light of *Lord*, the court must dismiss Braithwaite's claims. *See* Fed. R. Civ. P. 56(f)(2) ("After giving notice and a reasonable time to respond, the court may: … grant the motion on grounds not raised by a party….").

**IT IS THEREFORE ORDERED** that, by **November 25, 2020**, the parties may file a brief addressing whether *Lord v. Beahm*, 952 F.3d 902 (7th Cir. 2020), requires that this case be dismissed.

Dated in Milwaukee, Wisconsin, this 27th day of October, 2020.

**BY THE COURT:**

WILLIAM E. DUFFIN
U.S. Magistrate Judge