# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOSHUA P. BRAITHWAITE,

    Plaintiff,

    v.      Case No. 18-CV-1507

LACEE SMELCER, et al.,

    Defendants.

## ORDER

Plaintiff Joshua Braithwaite filed a lawsuit under 42 U.S.C. § 1983, alleging that the defendants were deliberately indifferent to a risk of suicide. (*See* ECF No. 10.) The defendants moved for summary judgment on June 10, 2019. (ECF No. 19.) On August 19, 2019, the court denied the defendants' summary judgment motion as to two of the defendants. (ECF No. 35.) About seven months after the court's denial of summary judgment, the Court of Appeals for the Seventh Circuit decided *Lord v. Beahm*, 952 F.3d 902 (7th Cir. 2020). On October 27, 2020, the court ordered the parties to brief whether, in light of *Lord*, Braithwaite's claims must be dismissed based on the defendants' assertion that Braithwaite inflicted only minor scratches on his arm following his threats of suicide. The parties filed their supplemental briefs on November 25, 2020. (ECF Nos. 57, 58.) The court granted summary judgment in favor of the two remaining defendants on December 8, 2020. (ECF No. 59.)

On December 21, 2020, Braithwaite filed a motion to alter or amend the judgment. (ECF No. 61.) Even though Braithwaite was represented by counsel that the court had previously recruited, he filed the motion pro se. About three weeks later, Braithwaite's counsel filed a motion to withdraw, explaining that the relationship between him and Braithwaite had completely broken down. (ECF No. 63.) The court will grant counsel's motion to withdraw and thanks John Mayer and his firm Mayer, Graff & Wallace LLP for their service.

In his motion to alter or amend the judgment Braithwaite highlights another case he has pending before Chief Judge Pamela Pepper, *Braithwaite v. Bille*, No. 17-cv-706. Braithwaite argues that Judge Pepper reached a different conclusion than the conclusion this court reached on a similar set of facts. He also argues that the court erred when it "retroactively" applied *Lord* to his case. And, finally, he disagrees with several of the court's conclusions.

Rule 59(e) of the Federal Rules of Civil Procedure allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence. *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). Braithwaite has done neither.

Braithwaite first argues that the court is precluded from deciding whether his injuries amounted to a recoverable harm because, in a different case involving different defendants under different circumstances and with different injuries, Judge Pepper decided a similar issue in his favor. Contrary to Braithwaite's assertion, issue preclusion does not apply because none of the specific issues before this court were

addressed, let alone decided, by Judge Pepper. *See Gentry v. Duckworth*, 65 F.3d 555, 560-61 (7th Cir. 1995) (explaining, among other things, that "the party against whom issue preclusion is invoked must have been fully represented in the prior action").

Braithwaite's argument that the court cannot "retroactively" apply *Lord* is also without merit. The Seventh Circuit's decision in *Lord* did not change or alter the law relevant to Braithwaite's claims. *See James B. Beam Distilling Co. v. Georgia*, 501 U.S. 529, 536 (1991) (explaining that, "It is only when the law changes in some respect that an assertion of nonretroactivity may be entertained, the paradigm case arising when a court expressly overrules a precedent upon which the contest would otherwise be decided differently and by which the parties may previously have regulated their conduct."). *Lord* merely emphasized the "basic proposition" that a plaintiff who "sue[s] for damages under § 1983 and allege[s] a constitutional tort (an Eighth Amendment violation)" must "develop[] evidence of a recoverable injury." *Lord*, 952 F.3d 902, 905 (7th Cir. 2020). The parties did not brief this issue when the defendants moved for summary judgment. The court asking them to do so was appropriate. *See* Fed. R. Civ. P. 56(f)(2) ("After giving notice and a reasonable time to respond, the court may grant the motion on grounds not raised by a party.").

Finally, with regard to Braithwaite's disagreements with many of the court's conclusions, the court finds that he has not demonstrated any newly discovered evidence or a manifest error of law. He merely rehashes arguments he previously raised, which is an insufficient basis under Rule 59(e) to grant the relief he seeks.

**IT IS THEREFORE ORDERED** that Braithwaite's motion to alter or amend judgment (ECF No. 61) is **DENIED**.

**IT IS FURTHER ORDERED** that the motion to withdraw as attorney (ECF No. 63) is **GRANTED**.

Dated in Milwaukee, Wisconsin, this 12th day of January, 2021.

**BY THE COURT:**

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge